Johnson, J.
The legislation touching the subject involved in this controversy is included in Section 6140, et seq., General Code.
Section 6140 is as follows: “When a majority of the qualified electors of a residence district of a municipal corporation sign a petition in favor of prohibiting the sale of intoxicating liquors as a beverage in such residence district and file such petition with the mayor of the municipal corporation or with a judge of the court of common pleas of the county in which the municipal corporation is situated, the mayor or judge shall examine the petition at a public hearing and decide upon the sufficiency thereof and cause a copy of his decision to be filed with the clerk of the municipal corporation or council.”
The question for determination here is whether the particular judge to whom the petition is pre *130 sented in the first instance is invested with exclusive and final jurisdiction to hear and determine the matters involved.
The judgment of the court of appeals followed an affirmative answer to that question and followed also its conclusion that the judge was under the imperative obligation to proceed himself with the hearing, and was wholly without authority to cause the matter to be assigned to another “judge of the court of common pleas of the county” notwithstanding the existence of the state of facts set out in the answer. In short, that the petitioners may make an arbitrary and exclusive choice from the judges of the court of common pleas in the county, for the performance of the duty referred to. Our consideration of the subject has led us to a different conclusion.
Section 6151 provides that when the petition is filed, notice of the hearing on such petition shall be published setting forth the time and place thereof, at which time a judge shall hear any electors of the district as to the question of the petitioners being qualified electors in such residence district, or any other matter which may be brought for determination relating to the sufficiency of the petition.
Section 6152 requires that on making his decision the judge shall cause it to be recorded in the records of his court, and Section 6164 permits the prosecution of error proceedings in the circuit court.' The statute is indefinite as to the details of procedure, but it is manifest that the hearing provided for is judicial in character and contemplates a judicial inquiry as to the sufficiency of the *131 petition and all other questions involved under the law. The hearing must obviously be conducted in accordance with established practice and procedure, and the decision must be arrived at in compliance with legal rules.
All of these things are essential attributes of a court, and the proper exercise of the judicial functions described necessarily involves the incidental power of invoking the ministerial arm of the court, in the issuance and service of process and. otherwise.
It is conceded by defendants in error that the judge hearing such a petition, as is here involved, exercises a judicial function, but it is contended that neither this fact nor the requirement that such judge shall make a finding which shall be recorded in the records of the court renders it a court proceeding. It is insisted substantially that it is not a case in which the judge sits as the court, but simply as a designated person with whom the petition may be filed.
And further, that the use of the expression “a judge of the common pleas court” in the statute was intentional; that a different construction must be given to the words “a judge” than if the words used had been “the judge.”
This would seem a doubtful warrant for holding that the statute under investigation works a complete separation of the judge so selected, for the purpose of the hearing, from the court of which he is a judge.
The legislature evidently contemplated that residence districts could and would be carved out in the large cities, in which cities, as a whole, a ma *132 jority of the electors would not vote to exclude the traffic referred to, and in which there were a number of common pleas judges. Therefore it is at once apparent that, as applied to a county in which there are two or more such judges, the use of the expression “the judge” would be confusing and inapt. It is urged that a judge hearing such a petition acts in a manner analogous to a judge at chambers or in vacation, in which cases he acts out of court. Conceding this, it is to be observed that where an order is made in chambers or in vacation, it has never been supposed that the filing of the application for such order with one judge prevented the assignment of the case to another judge in the further progress of the case.
Nor do we think the case of Atwood et al. v. Whipple, 48 Ohio St., 308, relied on, conflicts with the view we have indicated. In that case it was held that an order of the court of common pleas at chambers, overruling a motion to dissolve a temporary injunction, was not reviewable on error. The case referred to is reviewed in Findlay Rolling Mill Co. v. National Bank of Commerce, 57 Ohio St., 115, in which it was held that the circuit court had jurisdiction to reverse an order discharging an attachment made by a judge of the court of common pleas at chambers because the statute provided for such review. After citing the statutes conferring such authority the court say: “From these provisions of the statute, it is manifest that the legislature intended that an order discharging an attachment made by a judge in chambers, should have the same effect, and be subject to the same provisions for review, as *133 though made by the court at a regular session. In the case of Atwood v. Whipple, 48 Ohio St., 308, it was decided that the circuit court has no jurisdiction to review an order dissolving an injunction made by a judge of the court of common pleas at chambers, but nothing more was held than that the jurisdiction is not conferred by the general provisions of Section 6709 [Revised Statutes], there being no such provisions as to motions to dissolve injunctions.”
So in this .case it may be said that, from the provisions for proceedings in error, it is manifest the legislature intended that the decision of the judge, when recorded in the records of the court, should have the same effect as any other order of the court.
There is but one common pleas court in Cuyahoga county. Under the constitution there can be but one. It is an entity made up of constituent parts, and consists of the entire judicial organization for the conduct of the business within the jurisdiction of the court. The twelve judges are all members of this single body. The authority to exercise the judicial power which is exercised in the trial and disposition of court proceedings rests in the court itself. Under Section 3, Article IV, of the Constitution as amended in September, 1912, any judge of the court of common pleas may temporarily preside and hold court in any county.
In the nature of the situation it is necessary that there shall be some system by which the business of the court shall be apportioned to the several judges. The averments of the answer and the evidence show that the rules adopted by the court *134 of common pleas of Cuyahoga county are such as contribute substantially to the orderly administration of justice.
The position of defendants in error necessarily is that, under the statute in question, it is the right of a petitioner to select a certain judge and compel him to hear and determine the matter, to the exclusion of all other judges, without right of substitution and in disregard of its effect on the proper and expeditious disposition of matters before the court. And this, notwithstanding the fact that the judge so selected may be a resident of the district proposed to be established, or otherwise interested, one way or the other, in the questions to be determined, or may himself be aware of reasons which under well-founded and long-accepted principles of judicial propriety forbid the especial service which he is thus requested to perform.
Moreover, it is suggested that it was the idea of the legislature to compel the judge, satisfactory in the eyes of the petitioners, to perform the entire duty enjoined, one with whom the petitioners were willing to entrust their controversy.
There is nothing in the enactment which justifies this novel conception. Such a thing would be contrary to the spirit of our entire system of jurisprudence. There could be no greater mischief than for the legislative branch of the government to so frame its legislation as to invite the citizen to hesitate at the threshold of the courts and question the fitness and courage of the judiciary or any of its members in the performance of its duty.
*135 The judgment below will be reversed and the cause remanded with instructions to refuse the writ.

Judgment reversed.

Nichols, C. J., Shaijck, Wanamaker, Newman and Wilkin, JJ., concur.